IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02640-EWN-MEH

ERNEST LANGSTON SMITH,

    Plaintiff,

v.

SGT. TORRES, Correctional Officer, T.C.F. Facility of the Colorado Dept. of Corrections, indivually [sic] and her offical [sic] capacity,
LT. MONTANO, Correctional Officer, T.C.F. Facility of the Colorado Dept. of Corrections, indivually [sic] and her offical [sic] capacity,
CAPTIAN [sic] PEACHEE, Correctional Officer, T.C.F. Facility of the Colorado Dept. of Corrections, indivually [sic] and her offical [sic] capacity,
MAJOR PHILPOT, Correctional Officer, T.C.F. Facility of the Colorado Dept. of Corrections, indivually [sic] and her offical [sic] capacity,
WARDEN HARLEN, is Warden of T.C.F. Facility of the Colorado Dept. of Correction in his indivual [sic] and offical [sic] capacity, and
JOE ORTIZ, is the Executive Director of the Colorado Dept. of Corrections, in his indivual [sic] and in his offical [sic] capacity,

    Defendants.

## RECOMMENDATION FOR DENIAL
## OF REQUEST FOR DEFAULT

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Plaintiff's letter request for default, filed May 5, 2006. Pursuant to the General Order Of Reference To United States Magistrate Judge, filed February 28, 2006, and the provisions of 28 U.S.C. § 636(b)(1)(B) and D.C.COLO.LCivR 72.1, this matter is properly before me for purposes of making a Recommendation to the District Court. Based upon the record here, it is **recommended** that the request be **denied**.

Be advised that all parties shall have ten (10) days after service hereof to serve and file any

written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

**I.     Facts and Discussion.**

In his motion, made pursuant to Fed.R.Civ.P. 55, Plaintiff asks the Court to enter default judgment in this action apparently based upon the alleged nonresponse or appearance of the Defendants in this matter. Rule 55 indicates that default judgment would be appropriate if the defendants failed to plead or otherwise appear in this action. *See* FED.R.CIV.P. 55(a).

However, because Defendants waived service of process (Docket #15), they are permitted 60 days to answer or otherwise appear from the date on which the request for waiver of service was sent. *See* Fed.R.Civ.P. 4(d)(3). From the date of the filing of the Order Granting Service by United States Marshal (Docket #12) and the waivers and service documents (Docket #15), which was February 28, 2006, the 60-day period of time in this regard expired on April 29 or 30, 2006.

However, on May 1, 2006, the Defendants requested an extension of time in which to answer or otherwise plead (Docket #17). Based on good cause shown, they were granted an extension of time until May 22, 2006, in which to file their Answer or other responsive pleading (Docket #20). Plaintiff's request for default was not filed until May 3, 2006 (Docket #21).

Accordingly, default judgment requested by the Plaintiff is not appropriate in this matter, and the request should be denied.

**II.     Conclusion.**

Based upon the foregoing, and the entire record herein, it is hereby **recommended** that Plaintiff's request for default judgment [Filed May 3, 2006; Docket #21] be **denied**.

Dated at Denver, Colorado, this 9th day of May, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge