IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02640-EWN-MEH

ERNEST LANGSTON SMITH,

      Plaintiff,

v.

SGT. TORRES, Correctional Officer, T.C.F. Facility of the Colorado Dept. of
Corrections, indivually [sic] and her offical [sic] capacity,
LT. MONTANO, Correctional Officer, T.C.F. Facility of the Colorado Dept. of
Corrections, indivually [sic] and her offical [sic] capacity,
CAPTIAN [sic] PEACHEE, Correctional Officer, T.C.F. Facility of the Colorado Dept. of
Corrections, indivually [sic] and her offical [sic] capacity,
MAJOR PHILPOT, Correctional Officer, T.C.F. Facility of the Colorado Dept. of
Corrections, indivually [sic] and her offical [sic] capacity,
WARDEN HARLEN, is Warden of T.C.F. Facility of the Colorado Dept. of Correction in
his indivual [sic] and offical [sic] capacity, and
JOE ORTIZ, is the Executive Director of the Colorado Dept. of Corrections, in his
indivual [sic] and in his offical [sic] capacity,

      Defendants.

---

## RECOMMENDATION FOR DISMISSAL

**Entered by Michael E. Hegarty, United States Magistrate Judge**

### INTRODUCTION

      Pending before the Court is the Defendants' Motion to Dismiss Plaintiff's Complaint (Docket #25).  Under the General Order of Reference To United States Magistrate Judge issued in this matter pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1, this case has been referred to me for purposes of determination of nondispositive matters and for making  recommendation on the dispositive matters of this lawsuit.  Based upon the analysis to follow, it is hereby **recommended** that the Defendants' motion be **granted** in part and **denied** in part as moot, and this matter dismissed.

Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## BACKGROUND

At the time relevant to this lawsuit, the Plaintiff was an inmate with the Colorado Department of Corrections ("CDOC") and housed at the Trinidad Correctional Facility in Trinidad, Colorado. In his Amended Complaint filed on January 19, 2006 (Docket #5), the Plaintiff alleges that he is a practicing Muslim. He further asserts that he has been denied his First Amendment rights to free exercise of religion, because he was given fish to eat that was contaminated by pork grease, and he was not properly informed that the fish was contaminated. Plaintiff further asserts that he requested a uncontaminated meal, like other Muslim inmates who requested and who received a new tray, but was denied. Plaintiff contends that his First and Fourteenth Amendment rights were violated.

2

On May 15, 2006, Defendants filed their Motion To Dismiss (Docket #25) and supporting brief (Docket #26). In the motion, they argue several grounds for dismissal: (1) the claims against them in their official capacities are barred by Eleventh Amendment immunity, (2) Plaintiff has failed to allege the necessary personal participation on behalf of Defendants Ortiz, Harlen, Philpot, or Montana, (3) the CDOC employees are entitled to qualified immunity, (4) Plaintiff has failed to exhaust his administrative remedies, (5) Plaintiff has not sustained a physical injury so that he can sue for mental anguish or emotional distress, (6) Plaintiff's claims for declaratory and injunctive relief are moot because the Plaintiff is no longer housed at the Trinidad Correctional Facility, and (7) Plaintiff has failed to state claims upon which relief can be granted. By Minute Order entered on June 5, 2006, the Plaintiff was granted an extension until July 3, 2006, in which to file his response (Docket #35). No response has been filed, and the Plaintiff has not requested an extension of time in which to do so.

## DISCUSSION

I.   **Defendants' Motion To Dismiss Plaintiff's Complaint.**

A.   **Standard of Review.**

Defendants generally cite to cases applying Fed. R. Civ. P. 12(b)(6) for the standards for a dismissal. However, notable in Defendants' motion is their argument that official capacity claims against them are barred under principles of sovereign immunity, and also, as an alternative argument with regard to the individual capacity claims, that they are entitled to qualified immunity. "[A] motion to dismiss based on sovereign immunity is treated as a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1)." *Neiberger v. Hawkins*, 150 F. Supp.2d 1118, 1120 (D. Colo. 2001). Additionally, a motion to dismiss based on qualified immunity is treated as a motion to dismiss

for lack of subject matter jurisdiction. *See Meyers v. Colorado Dep't of Human Servs.*, No. 02-1054, 2003 WL 1826166 (10th Cir. Jan. 6, 2003). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Accordingly, Plaintiff in this case bears the burden of establishing that this court has jurisdiction to hear his claims.

"Motions to dismiss pursuant to Rule 12(b)(1) may take two forms." *Amoco Prod. Co. v. Aspen Group*, 8 F. Supp.2d 1249, 1251 (D. Colo. 1998). First, a party may attack the facial sufficiency of the complaint and the court must accept the allegations of the complaint as true. *Id*. Second, a party may attack the factual assertions regarding subject matter jurisdiction through affidavits and other documents and the court "has wide discretion to allow affidavits, other documents and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). "A 12(b)(1) motion . . . can include references to evidence extraneous to the complaint without converting it to a Rule 56 motion." *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987) The Defendants' Motion To Dismiss challenges the factual assertions underlying Plaintiff's Amended Complaint.

While the arguments concerning sovereign and qualified immunity by the Defendants were not specifically raised under Rule 12(b)(1), the Court has a duty to determine subject matter jurisdiction *sua sponte*. *See Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988); *see also* Fed.R.Civ.P. 12(h)(3) ("[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

4

With regard to the arguments raised by the Defendants which fit under the standards of Rule 12(b)(6), a dismissal for failure to state a claim under Rule 12(b)(6) is appropriate only when it is apparent that a plaintiff can prove no set of facts which would entitle him to relief. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). In evaluating a 12(b)(6) motion to dismiss, "all well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Sutton v. Utah State Sch. for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The issue in reviewing the sufficiency of Plaintiff's Amended Complaint is not whether Plaintiff will prevail, but whether Plaintiff is entitled to offer evidence to support his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), (overruled on other grounds by *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). Although Plaintiff does not need to state each element of his claim precisely, he must plead minimal factual allegations on those material elements that must be proved. *See* Fed.R.Civ.P. 8(a); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Plaintiff in this case is proceeding without an attorney. A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. A dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

### B.      Official Capacity Claims.

Defendants argue that because the Eleventh Amendment would be a jurisdictional bar to a suit for damages against the State of Colorado, *see Will v. Michigan State Police*, 491 U.S. 58, 71 (1989), and the Defendants, in their official capacities, would be considered an arm of the state for Eleventh Amendment purposes, *see id.* at 70-71, Plaintiff's claims against them for damages, in their official capacities, are barred.  This argument is completely accurate with regard to the Plaintiff's request for damages against the Defendants in their official capacities.  However, in his Amended Complaint, the Plaintiff does not seek only damages.  He also requests that the Court award him injunctive and declaratory relief.  Typically, when a private party sues a state officer for prospective injunctive or declaratory relief from an alleged ongoing violation of the Constitution or federal laws, the suit is not considered to be against the state itself and the Eleventh Amendment does not apply. *See Ex Parte Young*, 209 U.S. 123, 159-60 (1908); *see also Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1205 (10th Cir. 2002).

Although the Plaintiff uses the phrases "declaratory" and "injunctive" in connection with the relief he seeks, the reality is that he pleads no facts which demonstrate that he seeks any such equitable relief.  The only facts specifying the relief requested concern monetary compensation. Additionally, any declaratory or injunctive relief sought by the Plaintiff under the allegations of his Amended Complaint would not be prospective, but retroactive, as some type of punishment for what occurred.  The precedent of this circuit supports the conclusion that the Eleventh Amendment bars precisely this kind of suit.  *See V-1 Oil Co. v. Utah State Dept. of Public Safety*, 131 F.3d 1415, 1422 (10th Cir. 1997) (Eleventh Amendment bars claims for "retroactive monetary reimbursement" and for declaratory judgment that state officials had violated federal law in the past); *Johns v. Stewart*, 57

F.3d 1544, 1553 (10th Cir. 1995). Further, with regard to Plaintiff's request for injunctive relief against the Defendants in their official capacities or, for that matter, in their individual capacities, a party cannot maintain an action for declaratory or injunctive relief unless a substantial likelihood of being injured in the future is demonstrated. *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991). It is undisputed that the Plaintiff is no longer an inmate at the Trinidad Correctional Facility, and in fact, the Plaintiff has been released from incarceration altogether. *See* CHANGES OF ADDRESS, Dockets #16 and #30. Under these circumstances, the entry of injunctive relief in Plaintiff's favor would have no effect on the Defendants' behavior. *See White v. State of Colorado*, 82 F.3d 364, 366 (10th Cir.1996) (holding that inmate plaintiff's claims for injunctive relief were mooted by his release from incarceration).

The Amended Complaint demonstrates that, on its face, Plaintiff's claims against Defendants in their official capacities are barred by the Eleventh Amendment. Therefore, these claims should be dismissed.

### C.     Failure to Exhaust Administrative Remedies.

With regard to the remaining claims against the Defendants in their individual capacities, the Plaintiff's Amended Complaint is governed by the Prison Litigation Reform Act ("PLRA"), which provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Exhaustion is a pleading requirement, rather than an affirmative defense. *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). With regard to his claims, Plaintiff

attached to his original Complaint the grievance forms he utilized in his attempts at administrative

exhaustion.  *See* COMPLAINT, Docket #3.

Courts have differed on what specific information an inmate must include in a grievance to

satisfy the exhaustion requirement.  *See Thomas v. Woolum*,  337 F.3d 720 (6th Cir. 2003) (inmate

must specifically name each individual he intends to sue in his grievance); *Strong v. David*, 297 F.3d

646, 650 (7th Cir. 2002) (a grievance is sufficient if it alerts the prison to the nature of the wrong for

which the inmate seeks redress); *Smelzer v. Hook*, 235 F. Supp.2d 736 (W.D. Mich. 2002); *Brown

v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000) (inmate must identify all who are known to have

injured him and to provide as much relevant information as reasonably possible in his grievance).

These courts differ on the degree of specificity that they require for purposes of exhaustion.

However, the Eleventh Circuit, in a very reasoned approach, determined in *Brown* that a prisoner is

not barred from bringing suit against persons he did not name in his administrative grievance.  The

court wrote:

> Instead, we conclude that while § 1997e(a) requires that a prisoner
> provide as much relevant information as he reasonably can in the
> administrative grievance process, it does not require that he do more
> than that.

*Id.* at 1207-08; *see also Strong*, 297 F.3d at 649 ("When the administrative rulebook is silent, a

grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought."); *but

see Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001) (Section 1997e(a) requires an inmate to name

in his or her grievance each individual whom the inmate intends to sue).

The Tenth Circuit appears to be silent on this particular question.  However, I am persuaded

that the Tenth Circuit would follow the line of reasoning that is found in such cases as *Brown*, and

that the Tenth Circuit would not bar a prisoner's lawsuit for the sole reason that the prisoner failed

to specifically identify the constitutional right he alleges to have been violated or name the party against whom he is complaining. The Supreme Court has noted that a major purpose of the exhaustion requirement is to give prison administrators prompt notice of problems, so that they may be corrected internally in the first instance, and so that an administrative record may be developed prior to suit. *See Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). The purposes that are outlined by the Supreme Court in *Porter* are furthered by the principles of notice pleading. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) (nature of the claim need only be sketched).

The test provided by the Eleventh Circuit in *Brown* provides sufficient guidance to steer prisoners as well as prison administrators through the procedures of exhaustion. The court held there:

> We hold that 42 U.S.C. § 1997e(a) requires a prisoner to provide in his administrative grievance as much relevant information about his claims, including the identity of those directly involved in the alleged deprivations as the prisoner reasonably can provide. It does not require him to provide information he cannot reasonably obtain, nor does it require him to inform those who will pass on his grievance of the identity of the warden or prison commissioner.

*Brown*, 212 F.3d at 1210; *see also Irvin v. Zamora*, 161 F. Supp.2d 1125, 1134 (S.D. Cal. 2001) (finding that "plaintiff's grievances did present the relevant factual circumstances giving rise to a potential claim and did request the identities of the individuals directly responsible for spraying the insecticide").

Applying these legal principles to the facts presented in this case, however, I conclude that Plaintiff has only attempted to exhaust his claims as they are made against Defendant Torres. Defendant Torres is the only actor named by the Plaintiff in the steps of his grievance, and it is only her actions with which he takes issue. *Compare* COMPLAINT, Docket #3, attch'd grievance forms

9

*with* AMENDED COMPLAINT, Docket #5, pp. 2-2A.  Plaintiff makes no attempt to even broadly identify in his grievance the other Defendants he seeks to hold liable in this Court, although he would have clearly been aware of who they were at the time of his inmate appeals.  Additionally, he fails in any way to describe the nature of the constitutional violations for which he now seeks relief against the individual Defendants other than Defendant Torres, together with facts or allegations to tie those individuals to the violations. Plaintiff has failed to place the prison and/or the Defendants on notice of the claims he seeks to bring against Defendants Motano, Peachee, Philpot, Harlan, and Ortiz in this Court.  Therefore, he should not be allowed to proceed on such claims against these Defendants in this lawsuit.

Finally, even though the Seventh Circuit approach would dictate that the courts look to the state's administrative procedures to determine the sufficiency of a grievance, the procedure in the CDOC states that "[t]he grievance shall be legible and all identifying data shall be properly completed. . . . The grievance shall clearly state the basis for the grievance and the relief requested in the space provided on the form." COLORADO DEPARTMENT OF CORRECTIONS, Administrative Regulations 850-04, at http://www.doc.state.co.us/admin_reg/index_99a.htm.  Each inmate in the CDOC receives notification and oral explanation of this procedure. *Id*. The procedure is very detailed, with explicit steps each inmate must follow. *Id.*  Plaintiff did not include all identifying data in his inmate appeals because he did not identify the Defendants other than Defendant Torres directly, nor did he provide sufficient information to put these other Defendants on notice regarding his claims.  Therefore, the Plaintiff would not have exhausted his remedies under the Seventh Circuit approach.

Further, with regard to the grievance made against Defendant Torres, the record evidences that one of the reasons Plaintiff's Step3 grievance was denied was because it violated the time

constraints set forth in AR #850-04.[1]  *See* COMPLAINT, Docket #3, attch'd letter of Anthony A.

DeCesaro.  The Court of Appeals for the Tenth Circuit has held that "[a] prison procedure that is

procedurally barred and thus is unavailable to a prisoner is not thereby considered exhausted.

Regardless of whether a prisoner goes through the formality of submitting a time-barred grievance,

he may not successfully argue that he had exhausted his administrative remedies. . . ." *Ross v. County

of Bernalillo*, 365 F.3d 1181, 1186 (10th Cir. 2004).  Plaintiff was time-barred from exhausting his

administrative remedies through the prison grievance system.  As the *Ross* decision put it, "Allowing

prisoners to proceed to federal court simply because they have filed a time-barred grievance would

frustrate the PLRA's" policy goals. *Id.*  Consequently, Plaintiff's grievance is insufficient to exhaust

his administrative remedies if denied for failure to follow the grievance procedure.  *See Jernigan v.

Stuchell*, 304 F.3d 1030, 1032-33 (10th Cir. 2002) (holding that the doctrine of substantial compliance

does not apply).  The record demonstrates that Grievance Officer DeCesaro denied Plaintiff's Step

3 grievance based upon his failure to follow the administrative procedural requirements.  The bottom

line in this matter is that Plaintiff's claims are unexhausted against all named Defendants.

The United States Supreme Court has held that § 1997e(a) makes exhaustion "mandatory"

for all "inmate suits about prison life." *Porter*, 534 U.S. at 524, 532 (2002); *see also Booth v.

Churner*, 532 U.S. 731 (2001).  "Resort to a prison grievance process must precede resort to a

court." *Porter*, 534 U.S. at 529.  Exhaustion of administrative remedies is required even when the

available administrative remedies appear futile, as long as authorities at the administrative level have

some authority to take some responsive action. *Booth*, 532 U.S. at 740 ("Congress has mandated

---

[1]A handwritten note on the letter indicates "Mr. Decesaro [sic] told my case manager that I have exhausted all my administrative remedies."  However, aside from this self-serving note written by the Plaintiff, there is no other evidence or facts in the record to establish this fact.

exhaustion clearly enough, regardless of the relief offered through administrative procedures."). Even if the prisoner was confused with regard to the prison grievance system, and understood his claim to be non-grievable, exhaustion is required. *See Steele*, 355 F.3d at 1214. Congress has eliminated the courts' discretion to dispense with administrative exhaustion and to impose any condition that administrative remedies be plain, speedy, and effective. *Booth*, 532 U.S. at 740. Further, § 1997e(a)'s exhaustion requirement is not an affirmative defense, and cannot be waived by a defendant. *Steele*, 355 F.3d at 1209. Plaintiff's failure to adequately plead exhaustion amounts to a failure to state a claim upon which relief can be granted. *Id.* at 1210.

The PLRA requires exhaustion of "such administrative remedies as are available." 42 U.S.C. § 1997e(a). Accordingly, because the Plaintiff is no longer incarcerated, there are no administrative remedies are currently "available" to him. A review of available opinions demonstrates that courts which have considered the issue have held that the PLRA does not apply to actions filed by former prisoners. *See Ahmed v. Dragovich,* 297 F.3d 201, 210 n. 10 (3rd Cir. 2002) (collecting cases). However, that position only holds true if a former prisoner plaintiff was not incarcerated at the time of the filing of their lawsuit. If the plaintiff is incarcerated at the time of filing, that plaintiff must have met the exhaustion requirements at the time of filing and cannot cure a failure to exhaust by pursuing administrative remedies while the action is pending. *See generally* 41 U.S.C. § 1997e(a); *Booth*, 532 U.S. at 741; *Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1140-41 (10th Cir. 2005); *Neal v. Goord*, 267 F.3d 116, 121-23 (2nd Cir. 2001), *overruled on other grounds by Porter v. Nussle*, 534 U.S. 516 (2002); *see also Casanova v. Dubois*, 289 F.3d 142, 147 (1st Cir. 2002); *Johnson v. Jones*, 340 F.3d 624 (8th Cir. 2003) (inmate must exhaust administrative remedies before filing suit in federal court). The Plaintiff in this action was, in fact, incarcerated at the time of the

filing of this lawsuit in December 2005, was released to a half-way house in March 2006 (Docket #16), and as of June 2006, is no longer at the half-way house (Docket #30).

Accordingly, Plaintiff has not exhausted his administrative remedies with regard to the constitutional violation claims alleged in his Amended Complaint. Additionally, on the facts alleged, allowing the Plaintiff an opportunity to amend his pleading in this regard would be futile. In *Ross*, as argued by the Defendants, the Tenth Circuit applied a total exhaustion rule, stating that if a prisoner files a complaint which contains one or more unexhausted claims, "the district court ordinarily must dismiss the entire action without prejudice." *Ross*, 365 F.3d at 1190. Plaintiff has not administratively exhausted the claims against Defendants which he brings in this lawsuit. Accordingly, dismissal of this action, without prejudice, for failure to exhaust administrative remedies as directed by *Ross* is warranted and consideration of the Defendants' remaining arguments for dismissal unnecessary.

## CONCLUSION

Based upon the foregoing, and the pleadings on file herein, it is hereby **recommended** that the Defendants' Motion to Dismiss Plaintiff's Complaint [Filed May 15, 2005; Docket #25] be **granted** in part with regard to the issues of Eleventh Amendment immunity and exhaustion, and **denied** in part as moot with regard to their remaining arguments.

It is further **recommended** that this action be dismissed with prejudice against the Defendants in their official capacities, and without prejudice against the Defendants in their individual capacities, based upon Plaintiff's failure to exhaust his administrative remedies.

Dated at Denver, Colorado, this 11th day of August, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

14